KHORRAMI BOUCHER SUMNER & SANGUINETTI, LLP
HERMEZ MORENO, ESQ., State Bar No. 72009
444 South Flower Street
33rd Floor
Los Angeles, California 90071
Tel: (213) 596-6000
Fax: (213) 596-6010
email: hmoreno@kbsslaw.com

Attorneys for Plaintiff
Brennan Colbert

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENNAN COLBERT,<br><br>          Plaintiff,<br>  v.<br><br>COUNTY OF KERN; SHERIFF'S OFFICER EDWARD HUGHES AND DOE DEFENDANTS 1 THROUGH 10, Inclusive,<br><br>          Defendants. | CASE NO: CV<br><br>COMPLAINT FOR DAMAGES:<br>CIVIL RIGHTS VIOLATIONS PURSUANT TO 42 U.S.C. §§ 1983<br>  1. Excessive Force;<br>  2. False Arrest and Malicious Prosecution;<br>  3. *Monell* Liability;<br><br>STATE LAW CLAIMS:<br>  4. Intentional Infliction of Emotional Distress;<br>  5. Assault and Battery<br><br>DEMAND FOR JURY TRIAL |

Plaintiff, BRENNAN COLBERT alleges as follows:

# I.

# VENUE AND JURISDICTION

1. This action is brought pursuant 42 U.S.C. §§ 1983, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is founded on 29 U.S.C. §§1331 and 1343(1), (2), (3) and (4), and the aforementioned statutory and Constitutional provisions.

2. Venue is proper in the United States District Court for the Eastern District of California, as the injury and claimed violation of rights occurred in the City of Bakersfield, California within the boundaries of this court.

# II.

# PARTIES

3. At all times relevant hereto, Plaintiff BRENNAN COLBERT ("PLAINTIFF") was a resident of the County of Kern, California.

4. At all times mentioned herein, defendant COUNTY OF KERN was a public entity duly organized and existing under and by virtue of the laws of the state of California.

5. PLAINTIFF is ignorant of the true names and capacities of defendants sued herein as DOE Defendants 1 through 10, inclusive, and therefore sues these defendants by such fictitious names. PLAINTIFF will amend this complaint to allege their true names and capacities when same shall have been ascertained. PLAINTIFF is informed and believes and thereon alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that PLAINTIFF's injuries as herein alleged were proximately caused by the acts and/or omissions of said fictitiously named defendants.

6. Kern County Sheriff's department, Defendants EDWARD HUGHES and Defendant Does 1 through 5, inclusive (DEFENDANT POLICE OFFICERS), are and were at all times relevant hereto, officers, sergeants, captains, commanders,

supervisors and/or civilian employees, agents, and representatives of the Kern County Sheriff's Department, acting within their capacity as employees, agents and servants of Defendant COUNTY OF KERN; and Defendant Does 6 through 10, inclusive, are and were at all times relevant hereto, officers, sergeants, captains, commanders, supervisors and/or civilian employees, agents, and said Defendants, at all times alleged herein, were acting within the course and scope of that employment and agency. Said Defendants are sued individually and in their capacity as police officers, sergeants, captains, lieutenants, commanders, supervisors and/or other officers, employees, agents or representatives of the Kern County Sheriff's Department, a department and subdivision of defendant COUNTY OF KERN.

7. At all times relevant herein, DEFENDANT POLICE OFFICERS, and Defendant Does 6 through 10, inclusive, their supervisors, and various sergeants, lieutenants, captains, commanders, and others in supervisorial positions, were acting under color of law, under the color of the statutes, ordinances, regulations, policies, customs, practices, and usages of defendant COUNTY OF KERN, its police department, and the State of California.

8. At all times relevant herein, Plaintiff is informed and believes and thereon alleges that Defendant Does 6 through 10 were captains, sergeants, lieutenants, commanders, and others in supervisorial positions, and chief policy makers for the COUNTY OF KERN Sheriff's Department.

9. At all times relevant hereto, DEFENDANT POLICE OFFICERS employed organized, unlawful and illegal customs and practices of excessive force, making false arrests, and intentionally causing emotional distress upon innocent victims. Said misconduct was known by, encouraged, tolerated and/or condoned by Defendant COUNTY OF KERN.

10. At all times relevant herein, DEFENDANT POLICE OFFICERS were acting within the course and scope of their employment as police officers and

employees of the COUNTY OF KERN, which is liable under the principles of *respondeat superior* for said employees' tortious conduct pursuant to section 815.2 of the California Government Bakersfield.

## III.
## **FACTS COMMON TO ALL ACTIONS**

11. At all relevant times, Plaintiff was 27 years old, suffers from Asperger's Syndrome, a neuro-psychological disorder in the high-functioning autism spectrum and was under medical care. Plaintiff lived with his parents.

12. On the evening of August 24-25, 2012 just around midnight, at or near his house on Palm Avenue, Bakersfield, PLAINTIFF was legally walking toward his house after completing his nightly walk.

12. As PLAINTIFF proceeded toward his house, without cause or justification whatsoever, he was suddenly accosted by Defendant HUGHES in his police vehicle. Defendant HUGHES shined his light in Plaintiff's eyes, obstructing his ability to continue walking. HUGHES them shouted to PLAINTIFF, "What the fuck are you doing?" PLAINTIFF responded that he was just walking home and pointed to his house.

13. This assault by HUGHES made PLAINTIFF extremely afraid and uncomfortable. He proceeded to his house, telling Defendant HUGHES, "I'm headed home. It's just over there." He pointed to his house.

14. As PLAINTIFF continued toward his house, Defendant HUGHES exited his car, leaving the car door open, and began to charge PLAINTIFF for no reason.

15. PLAINTIFF, believing he was going to be attacked for no reason, PLAINTIFF approached his front door. Afraid for his life, PLAINTIFF told Defendant HUGHES, "I'm getting my keys out of my back pocket." As PLAINTIFF attempted to open the front door to his house,, told Defendant

HUGHES, "I haven't done anything illegal!"

16. PLAINTIFF turned and told Defendant HUGHES in no uncertain terms that he was not invited into his house and closed the door.

17. Within seconds of closing the door, Defendant HUGHES, kicked the door in with such force, that the door slammed against the entry wall and closed shut again. Defendant HUGHES then kicked it open a second time and he quickly stepped into the entry way and, without cause, reason, purpose or justification, immediately tazed PLAINTIFF about the torso.

18. At no time did PLAINTIFF assault or batter Defendant. PLAINTIFF only sought to defend himself from this unwarranted, illegal and excessive use of force by DEFENDANT HUGHES when he pulled off the tazer barbs as the electrical current was running through his body.

19. The kicking of the door and the unwarranted and unjustified tazing was witnessed by PLAINTIFF'S mother PLAINTIFF had stepped from her bedroom at the sound of the voices at the entry.

17. Plaintiff, suffering from the assault, the tazing and the overwhelming nature of Defendant HUGHES' illegal conduct, ran to the safety of his bedroom.

18. By this time, Plaintiff's father, a retired member of the Kern County Search and Rescue, came to the living room where he proceeded to try and calm Defendant HUGHES down. HUGHES was highly agitated, however, and repeatedly shouted at PLAINTIFF'S parents, "who are YOU?" "Identify yourselves!" PLAINTIFF'S parents attempted to tell HUGHES that PLAINTIFF was their son, that he lived there. They asked the Defendant to leave, as he had not been invited inside. HUGHES however, remained combative, used profanity at PLAINTIFF'S parents and chased PLAINTIFF to the bedroom where he kicked the door open.

19. Defendant HUGHES proceeded to try and tackle PLAINTIFF to the ground but instead, was only able to shove him into the hallway where he

COMPLAINT FOR CIVIL RIGHTS VIOLATIONS, 42 USC 1983

proceeded to pace his hand on his service revolver. PLAINTIFF was in mortal fear of his life as DEFENDANT had continued his yelling.

20. My parents tried explaining that PLAINTIFF had merely been on his nightly stroll and further explained to him that PLAINTIFF suffered from Asperger's Syndrome and that this whole situation was having a severe toll on Plaintiff's condition. They explained that PLAINTIFF'S father was a retired and decorated member of the Kern County Search and Rescue and showed him plaques of comendations on the wall.

21. At this time, three other officers arrived and proceeded to handcuff PLAINTIFF and sat him on the livingroom couch. At no time prior to this did any deputy inform or tell PLAINTIFF why he was under arrest nor why HUGHES had chased him. The handcuffing was made tight so as to punish PLAINTIFF as it ate into his skin, leaving a mark even a year later.

22. PLAINTIFF was then informed he was under arrest for resisting arrest and that it was against the law to talk back to an officer.

23. At some point, PLAINTIFF was hen transported by HUGHES to Kern Medical Center for injuries received from the tazer. HUGHES again acted so as to intimidate and harass PLAINTIFF, driving at speeds in excess of 80 miles per hour. HUGHES at one point turned to PLAINTIFF as told him, "If I hadn't seen those plaques of your dad's on the wall, I would have shot you dead." PLAINTIFF continued to fear fro his life at the hands of Defendant HUGHES.

24. At the hospital while he was waiting to be tended to, PLAINTIFF observed Defendant HUGHES constantly on his cell phone with his supervisors. At one point, HUGHES could be heard admitting to his superiors that he may have arrested the wrong person.

25. At or about 4:00 a.m., PLAINTIFF was released to the custody of HUGHES once again and HUGHES again proceeded to speed to the detention facility of Truxton. PLAINTIFF was incarcerated until about 1:45 n the afternoon.

COMPLAINT FOR CIVIL RIGHTS VIOLATIONS, 42 USC 1983

He was released with no explanation for his detention or release.

26. Thereafter, Defendant HUGHES prepared a false police report charging PLAINTIFF with "obstruct peace officer" [sic] in the expectation that it would be believed and so that his violative treatment of PLAINTIFF would be ratified and condoned by Defendant COUNTY and DOES 6-10 and to dissuade PLAINTIFF from asserting his rights and making a claim against him. Plaintiff was later issued a citation and ordered to appear to answer the charges.

27. At no time were any charges asserted by Defendant HUGHES true.

28. PLAINTIFF was requited to hire a private defense attorney to defend against these false charges and spent $6,300 until the D.A. refused to file a criminal complaint.

29. On December 7, 2012, PLAINTIFF presented a timely Government Claim to the COUNTY outlining and specifying the above alleged circumstances and wrongful conduct of Defendant HUGHES. On June 11, 2013, the COUNTY rejected PLAINTIFF'S claim. The filing of this Complaint is therefore, timely.

30. Despite implied representations from DEFENDANT COUNTY that all such allegations were to be thoroughly "investigated" the process proved to be a sham, intended solely to insulate and protect its police officers and to otherwise ratify and condone the mistreatment of its citizens by its police officers.

31. DEFENDANT COUNTY'S agents, and DOES 6-10 failed to properly investigate the claim; ratified and condoned all of DEFENDANT HUGHES misconduct, all in accordance with a policy, practice and procedure of DEFENDANT COUNTY to permit, allow and ratify such misconduct when challenged by a citizen's complaint.

32. PLAINTIFF has been required to hire attorneys to vindicate his rights and is entitled to attorney's fees pursuant to 42 U.S.C. Section 1988.

**IV.**

# FIRST CAUSE OF ACTION
# VIOLATION OF CONSTITUTIONAL RIGHT TO BE FREE
# FROM UNREASONABLE AND EXCESSIVE FORCE (42 USC SEC. 1983)
### (*As Against DEFENDANTS HUGHES and DOES 1-3*)

33. PLAINTIFF repeats and realleges each and every allegation of paragraphs 1 through 32 above as though fully set forth herein.

34. This action is brought pursuant to 42 U.S.C. §1983, and the Fourth and Fourteenth Amendments of the United States Constitution.

35. On and before August 25, 2012, PLAINTIFF possessed the right, guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution, to be free from unreasonable seizures in the form of excessive force by police officers acting under the color of law and from illegal and warrantless intrusions and entries into his private residence..

36. At the time DEFENDANTS assaulted and battered PLAINTIFF as described, and at the time they entered his house, PLAINTIFF had not assaulted any Defendant, had committed no crime and was not a suspect of any criminal activity whatsoever; he was unarmed, compliant, and helpless, and the attack upon PLAINTIFF was unjustified and unreasonable under the circumstances and constituted an excessive use of force. The attack violated PLAINTIFF's rights under the laws and Constitution of the United States, in particular the Fourth and Fourteenth Amendment of the United States Constitution.

37. DEFENDANT HUGHES subjected PLAINTIFF to the aforementioned deprivations by either actual malice, deliberate indifference or a reckless disregard of PLAINTIFF'S rights under the U.S. Constitution. DEFENDANTS DOES 1-3 also subjected PLAINTIFF to the aforementioned deprivations by either actual malice, deliberate indifference or a reckless disregard of his rights under the U.S. Constitution.

38. DEFENDANTS acted at all times herein knowing full well that the established practices, customs, procedures, and policies of DEFENDANT COUNTY'S Sheriff's Department would allow a cover-up and allow the continued use of illegal force in violation of the Fourth Amendment of the Constitution of the United States and would permit said officers to justify the assault on PLAINTIFF by falsely reporting that any injuries to PLAINTIFF were cause by PLAINTIFF resisting arrest, "obstructing" a police officer or by PLAINTIFF'S own misconduct. Said false reporting and ratification of DEFENDANT HUGHES' misconduct and the conduct of DOES 1-3 was made with the intent to assure that people like PLAINTIFF would be dissuaded from petitioning their grievances against the COUNTY 'S Sheriff's Department for such misconduct so that such misconduct could instead, prevail and subjugate its citizens.

39. As a direct and proximate result of the aforementioned acts of DEFENDANTS and each of them, PLAINTIFF suffered the injuries to his person, and to his psyche, some of which have taken on a permanence, including tingling about the wrists and body and he suffers from on-going physical, psychological and emotional injuries. Plaintiff may continue to require and need medical care, treatment, medication, therapy, and other medical services as a result of the injuries he received at the hands of Defendants and each of them. PLAINTIFF may thus incurred medical costs and expenses and is likely to continue to incur same for an indefinite period of time. As a further direct and proximate result of said injuries, PLAINTIFF suffered loss of earnings and loss of earning capacity in amounts to be proven at trial

40. The acts of DEFENDANT HUGHES, and Defendants does 1-3 were willful, wanton, malicious, and oppressive thereby justifying the awarding of exemplary and punitive damages as to said individual defendants.

## V.

## SECOND COUNT CAUSE OF ACTION
## VIOLATION OF CIVIL RIGHTS: FALSE ARREST AND MALICIOUS PROSECUTION (42 U.S.C. Section 1983)
*(As Against Defendant HUGHES)*

41. Plaintiff repeats and realleges each and every allegation of paragraphs 33 through 40 above as though fully set forth herein.

42. The false Arrest Report prepared by DEFENDANT HUGHES was prepared with the intent to file said reports with the County of Kern District Attorney and to thus subject PLAINTIFF to the filing and commencement of a groundless prosecution to subject PLAINTIFF to fine, incarceration, a criminal record and costs and charges associated therewith. Said DEFENDANT filed said report with the knowledge that it was false and instead to punish PLAINTIFF for DEFENDANT'S own imagine slight or for some other baseless and warped reason.

## VI.
## THIRD CAUSE OF ACTION
## FAILURE TO INTERVENE TO PREVENT CIVIL RIGHTS VIOLATION
*( As Against Defendants does 1-3)*

43. PLAINTIFF incorporates paragraphs 1 through 32 and 34 through 40 by this reference as though fully set forth herein.

44. At all times relevant herein during all the acts, conduct, failures and omissions relevant to PLAINTIFF'S abuse, mistreatment, injury and prosecution, Defendants does 1-3 were present at said times and places as alleged and/or were aware of PLAINTIFF'S plight at the hands of Defendant HUGHES and were charged with the Constitutional duties to protect PLAINTIFF from such abuse and

misconduct and charged with the duty to not knowingly nor with wanton disregard, allow, permit or fail to intervene in the acts of excessive, unreasonable, unjustified or unlawful use of force by another police officer, and the unjustified, unwarranted, illegal and false charges to which he was subjected at the hands of Defendant HUGHES.

45. On said dates, times and locations as alleged above, each said Defendant was in the position and authority to lawfully intervene in and prevent the unjustified and unwarranted conduct toward PLAINTIFF which ultimately led to his injuries and/or damages.

46. On said dates, times and locations as alleged above, each said Defendant had ample and reasonably sufficient time and opportunity to so intervene and prevent the wrongful conduct of the other deputies, to prevent the injuries and damages and to timely intercede so PLAINTIFF would not be so mistreated and abused and was compelled to do so as a Police Officer under the laws of the State of California and under the Constitution of the United States of America.

47. On said dates, times and locations as alleged above, in deliberate indifference to the life, rights, safety and welfare of PLAINTIFF each said Defendant intentionally and with deliberate indifference to the civil rights of PLAINTIFF, refrained from intervening in the acts leading to his injuries and thereafter refrained from intervening to so that PLAINTIFF would not be falsely arrested and falsely charged with and prosecuted for crimes he never committed.

48. As a result thereof, PLAINTIFF was unjustifiably, purposely, recklessly and wantonly, and with deliberate indifference, exposed to the injuries and damages and harm by said Defendants as alleged in the First Cause of action in violation of his rights under the Fourth, and Fourteenth Amendments of the Constitution of the United States of America.

49. The acts and omissions constituting this cause of action were

COMPLAINT FOR CIVIL RIGHTS VIOLATIONS, 42 USC 1983

purposeful, malicious, and reckless and wanton so as to justify the imposition of punitive damages on these individual Defendants in their respective individual capacity.

## VI

## **FOURTH CAUSE OF ACTION**

## (*Monell* **Claim under 42 U.S.C. Section 1983**)

## *(As Against DEFENDANT COUNTY FO KERN )*

50. Except as to the punitive damages allegations, PLAINTIFF repeats and realleges each and every allegation of paragraphs 1 through 32 and 34 through 42 and 43 through 49 above as though fully set forth herein.

51. At all times relevant herein, DOE Defendants 6 through 10, inclusive were supervisors and/or policy makers for the COUNTY'S Sheriff's Department which employed organized, unlawful and illegal customs and practices of excessive force and illegal searches and seizures, false arrests which lacked probable cause, falsification of evidence, filing of false police reports in violation of P.C. §118.1, and the commission of perjury in carrying out their mandate. Said misconduct was encouraged, tolerated and condoned by said defendants.

52. This action is brought pursuant to 42 U.S.C. §1983 for violation of PLAINTIFF'S rights under the Fourth and Fourteenth Amendments.

53. On the date of PLAINTIFF'S arrest indicated above DEFENDANTS HUGHES and DOES 1-3, acting within the course and scope of their duties as peace officers of the COUNTY'S Sheriff's Department, deprived PLAINTIFF of his rights to be free from unreasonable seizures and unlawful arrests and illegal entries into his house as delineated herein above, and thereafter in violation of Plaintiff's due process rights proceeded to falsify evidence, submit a false police report in the way of the arrest and use of force had come about and offered perjurious testimony to Internal Affairs investigators in an attempt to ensure that

PLAINTIFF'S citizen complaints would be dismissed as unfounded, untrue or unworthy of a proper departmental investigation and so that PLAINTIFF would be found guilty of the false charges.

54. At the time of these constitutional violations by said defendant officers, DEFENDANT COUNTY'S Sheriff's Department had in place, and had ratified, policies, procedures, customs and practices which permitted and encouraged their police officers to unjustifiably, unreasonably and in violation of the Fourth and Fourteenth Amendments, to unlawfully arrest persons without probable cause.

55. Said policies, procedures, customs and practices also called for the COUNTY and its Sheriff's Department not to discipline, prosecute, or objectively and/or independently investigate or in any other way, deal with or respond to known incidents and complaints of false arrests, falsification of evidence, the preparation of false police reports to justify such wrongful conduct, to cover-up and conceal such wrongful conduct by officers of the Kern County Sheriff's Department, and for the COUNTY to fail to objectively and/or independently investigate or in any other way, deal with or respond to or the related claims and lawsuits made as a result of such false arrests and related misconduct.

56. Defendant COUNTY was aware of and was deliberately indifferent to a pervasive and widespread pattern and practice with the Kern County Sheriff's Department of concealing known instances of evidence planting, evidence tampering, perjury, falsified police reports, witness coercion, excessive force, on-duty criminal acts and on-duty acts of moral turpitude. Despite said knowledge, said Defendant COUNTY failed to take any reasonable measures to correct this pattern and practice and as a result said COUNTY Defendant has been deliberately indifferent to the civil rights violations which resulted, including those which are described in the present claim.

57. Said policies, procedures, customs and practices called for and led to

13
COMPLAINT FOR CIVIL RIGHTS VIOLATIONS, 42 USC 1983

the refusal of said Defendant COUNTY to investigate complaints of previous incidents of false and unlawful arrests, the filing of false police reports to conceal such misconduct, the falsification evidence and perjury and, instead, officially claim that such incidents were justified and proper.

58. Said policies, procedures, customs and practices called for said Defendants, by means of inaction and coverup, to encourage an atmosphere of lawlessness within the Sheriff's Department and to encourage their police officers to believe that improper arrest of residents of the County of Kern or persons present therein, the planting of evidence, the submission of false police reports, and the commission of perjury was permissible and to believe that unlawful acts of falsification of evidence and perjury would be overlooked without discipline or other official ramifications.

59. Said policies, procedures, customs and practices of said Defendant COUNTY has evidenced a deliberate indifference to the violations of the constitutional rights of PLAINTIFF. This indifference was manifested by the failure to change, correct, revoke, or rescind said policies, procedures, customs and practices in light of prior knowledge by said Defendant and its subordinate policymakers of indistinguishably similar incidents of unjustified and unreasonable and unlawful arrests, falsification of evidence, evidence tampering, submission of false police reports and perjury.

60. Deliberate indifference to the civil rights of victims of the COUNTY'S Sheriff's Department's unlawful arrests, falsified evidence, false and misleading police reports and false and perjurious testimony was also evidenced by said Defendants by their ignoring of the history and pattern of prior civil lawsuits alleging civil rights violations, similar to those alleged herein, arising from such misconduct and the related payment of judgments to such individuals.

61. Deliberate indifference is also evidenced by an absence of or by maintenance of an inadequate system of tort claims tracking, firearms discharges

tracking, use-of-force tracking, and by maintaining an inadequate system of officer discipline and independent and objective investigation by the COUNTY and its Sheriff's Department which failed to identify and investigate instances of false and unlawful arrests, falsification of evidence, submission of false police reports and perjury.

62. Other systemic deficiencies of said Defendant which indicated, and continue to indicate, a deliberate indifference to the violations of the civil rights by the officers of its Sheriff's Department include:

   a. Preparation of investigative reports designed to vindicate and/or justify false and unlawful arrests;
   b. Preparation of investigative reports which uncritically rely solely on the word of Sheriff's Department police officers involved in unlawful arrests or in the planting of evidence and which systematically fail to credit testimony by non-officer witnesses;
   c. Preparation of investigative reports which omit factual information and physical evidence which contradicts the accounts of the officers involved;
   d. Issuance of public statements exonerating officers involved in such incidents prior to the completion of investigations of wrongful arrests;
   e. Failure to maintain centralized department-wide system for the tracking and monitoring tort claims and lawsuits alleging false arrests, planting of evidence, perjury, abuse of authority, and race-based misconduct by individual officers so as to identify those officers who engage in a pattern of abuse of police authority and police misconduct.

63. The foregoing acts, omissions, and systemic deficiencies are policies and customs of said Defendant COUNTY and such caused, permitted and/or allowed under official sanction, DEFENDANTS HUGHES and DOES 1-3 to be

unaware of, or to intentionally overlook and ignore, the rules and laws governing the use of force, the probable cause requirements for arrests, the falsification of evidence or the tampering with evidence, the submission of false police reports and the commission of perjury in internal Affairs investigations. The foregoing acts, omissions, and systemic deficiencies are policies and customs of said Defendant and such caused, permitted and/or allowed under official sanction said DEFENDANTS HUGHES and DOES 1-3 to believe that arrests are entirely within the discretion of the officer and that improper and unlawful arrests, evidence falsification, filing of false and misleading police reports, would not be objectively, thoroughly and/or properly investigated, all with the foreseeable result that DEFENDANTS HUGHES and DOES 1-3 would make false and unlawful arrests, and falsify evidence, submit false and misleading police reports, and commit perjury, and thereby violate the civil rights of the citizens of this state with whom said officers would come into contact with.

64. As a result of the aforementioned acts, omissions, systematic deficiencies, policies, procedures, customs and practices, DEFENDANTS HUGHES and DOES 1-3, as more specifically alleged above, unlawfully arrested PLAINTIFF, assaulted and battered him, and developed and implemented a plan to falsely accuse him of the criminal violations alleged in an attempt to secure his prosecution thereof, and to inflict punishment for a perceived slight or some other baseless, imaginings of Defendant HUGHES.

65. As a direct and proximate result of the aforementioned acts of DEFENDANT COUNTY and the practices, policies, customs and procedures alleged, PLAINTIFF suffered the injuries and damages alleged.

## VII.
## FOURTH CAUSE OF ACTION
## FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

COMPLAINT FOR CIVIL RIGHTS VIOLATIONS, 42 USC 1983

*(As Against DEFENDANTS HUGHES, DOES 1-3 AND DEFENDANT COUNTY)*

66. PLAINTIFF repeats and realleges each and every allegation of paragraphs 1 through 32 and 34 through 42 and 43 through 49 above as though fully set forth herein..

67. The conduct of DEFENDANTS HUGHES, and DOES 1-3 in unlawfully and unjustifiably assaulting, intimidating, berating and humiliating Plaintiff for no justifiable reason or cause and the use of unlawful and excessive force on PLAINTIFF and the illegal entry into his residence knowing that PLAINTIFF had done nothing wrong nor illegal in their presence, and thereafter, to punish him for deigning to refuse to be subjected to wrongful and illegal behavior, to proceed to issue a false arrest reports, with no probable cause to believe PLAINTIFF had committed any crime, was outrageous and exceeded the bounds of conduct usually tolerated in this society. Defendant COUNTY is liable under the principles of *respondeat superior* for the aforementioned acts of said Defendants pursuant to California Government Code Section 815.2.

68. DEFENDANTS, in engaging in the aforementioned conduct intended to cause PLAINTIFF emotional distress and/or acted with reckless disregard of the probability that PLAINTIFF would suffer emotional distress, knowing PLAINTIFF's awareness when the conduct occurred and especially when made aware fo his condition.

69. DEFENDANTS' conduct was a substantial factor in causing PLAINTIFF to suffer and to continue to suffer from severe emotional distress, mental pain, anguish, embarrassment, humiliation, and psychological disturbance. PLAINTIFF has suffered special and general damages as a result of the emotional distress, mental pain, anguish, embarrassment, humiliation and psychological disturbance in an amount according to proof at trial in excess of this Court's

jurisdiction.

70. The aforementioned acts of said individual defendants were willful, wanton, malicious, and oppressive, thereby justifying the awarding of exemplary and punitive damages as to said individual Defendants.

# VIII.

## FIFTH CAUSE OF ACTION
## FOR ASSAULT AND BATTERY
*(As Against DEFENDANTS HUGHES, DOES 1-3 and DEFENDANT COUNTY)*

71. PLAINTIFF hereby repeats and realleges each and every allegation of paragraphs 66 through 70 above as though fully set forth herein.

72. In unjustifiably and unlawfully using excessive force to beat and taze and in mistreating him as alleged, DEFENDANTS touched PLAINTIFF with the intent to harm or offend PLAINTIFF, or touched PLAINTIFF with a willful disregard of PLAINTIFF'S rights. PLAINTIFF did not consent to this harmful and offensive touching. Defendant COUNTY is liable in *respondeat superior* for the aforementioned acts of said Defendants pursuant to California Government Code Section 815.2.

73. As a direct and proximate result of said Defendants' conduct, PLAINTIFF suffered serious, permanent and debilitating physical, neurological, psychological and psychiatric injuries, which will force him to seek treatment from hospitals, physicians, surgeons, and other medical professionals. The amount of special damages which PLAINTIFF may claim as a result, will exceed the jurisdictional amount of this Court, and which will be sought by PLAINTIFF according to proof at the time of trial.

74. The aforementioned acts of said individual Defendants were willful,

wanton, malicious, and oppressive, thereby justifying the awarding of exemplary and punitive damages as to said individual Defendants.

## IX.
## PRAYER

WHEREFORE, PLAINTIFF prays for judgment against Defendants and each of them as follows:

a) Past, present and future compensatory general and special damages in amounts according to proof;

b) Exemplary damages, ONLY as against each INDIVIDUAL police officer, supervisory, and policy maker defendant - as spelled out in each cause of action, in an amount sufficient to deter and to make an example of each said individual defendant;

c) Reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. §1988;

d) Costs of the suit necessarily incurred herein; and

e) Such further relief as the Court may deem just or proper.

Dated: September 20, 2013     KHORRAMI BOUCHER SUMNER & SANGUINETTI, LLP

By: _____
Hermez Moreno, Esq.
Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

PLAINTIFF, BRENNAN COLBERT respectfully demands that the present matter be set for a jury trial.

Dated: September 20, 2013

KHORRAMI BOUCHER SUMNER & SANGUINETTI, LLP

By: _____
Hermez Moreno, Esq.
Attorneys for Plaintiff

COMPLAINT FOR CIVIL RIGHTS VIOLATIONS, 42 USC 1983