1  THERESA A. GOLDNER, COUNTY COUNSEL
2  By: Judith M. Denny, Deputy (SBN 200001)
   Kern County Administrative Center
3  1115 Truxtun Avenue, Fourth Floor
   Bakersfield, CA 93301
4  Telephone 661-868-3800
   Fax 661-868-3805
5
6  Attorneys for Defendants
   County of Kern and Eric Hughes
7

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| BRENNAN COLBERT, | CASE NO. 1:13-CV-01589-AWI-JLT |
|---|---|
| Plaintiff, | DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT |
| v. | |
| COUNTY OF KERN; SHERIFF'S OFFICER ERIC HUGHES and DOES 1 through 10, inclusive, | |
| Defendants. | |

COME NOW Defendants, County of Kern and Eric Hughes, (collectively hereafter "County Defendants") and, in answering the First Amended Complaint of plaintiff Brennan Colbert (hereinafter "Colbert" and/or "Plaintiff") on file herein, jointly and severally admit, deny and allege as follows:

1. In answering paragraphs 1, 2, 4, and 35 of Plaintiffs' complaint, Defendants admit the allegations contained therein.

2. In answering paragraphs 9, 12, 13, 14, 15, 16, 17, 18, 19, 20, 24, 26, 27, 28, 30, 31, 32, 36, 37, 38, 39, 40, 42, 44, 45, 46, 47, 48, 49, 51, 53, 54, 55, 56, 57, 58,

1
_____

59, 60, 61, 62, 63, 64, 65, 67, 68, 69, 70, 72, 73, 74 of Plaintiffs' complaint, Defendants deny each and every allegation contained therein.

3. In answering paragraphs 3, 5, 7, 8, 10, 11, 34, 52, of Plaintiffs' complaint, Defendants lack sufficient knowledge, and/or a sufficient understanding of the allegations as pleaded, to admit the allegations and thus must deny each and every allegation contained therein.

4. In answering paragraphs 33, 41, 43, 50, 66, and 71 of Plaintiffs' complaint, Defendants are informed and believe that the paragraph is intended to incorporate allegations into the respective cause of action, and Defendants intend their previous responses to apply to these paragraphs.

5. In answering paragraph 6 of Plaintiffs' complaint, Defendants admit that Deputy Eric Hughes is a deputy sheriff employed by the County of Kern, but lack sufficient knowledge and/or understanding of the remaining allegations as pleaded, to admit the allegations and thus must deny the remaining allegations.

6. In answering paragraph 12 of Plaintiffs' complaint, Defendants admit that Deputy Eric Hughes spot lighted plaintiff after deciding to stop and identify plaintiff based on reasonable belief that plaintiff was the subject he was looking for, but Defendants deny each and every remaining allegation contained therein.

7. In answering paragraph 14 of Plaintiffs' complaint, Defendants admit that Deputy Eric Hughes exited his vehicle but Defendants deny each and every remaining material allegation contained therein.

8. In answering paragraph 17 of Plaintiffs' complaint, Defendants admit that Deputy Eric Hughes used his department issued Electronic Control Device as plaintiff attempted to run into a residence but Defendants deny each and every remaining material allegation contained therein.

2

Defendants' Answer to First Amended Complaint

9. In answering paragraph 17 of Plaintiffs' complaint, Defendants admit that Deputy plaintiff ran toward a bedroom but Defendants deny each and every remaining material allegation contained therein.

10. In answering paragraph 18 of Plaintiffs' complaint, Defendants admit that plaintiff did not assault or batter Deputy Eric Hughes and that plaintiff removed the wires and prongs of the electronic control device from his shirt and person, but Defendants deny each and every remaining material allegation contained therein.

11. In answering paragraph 21 of Plaintiffs' complaint, Defendants admit that plaintiff was handcuffed on the living room couch by Deputy Hughes and other deputies but Defendants deny handcuffs were tight so as to punish plaintiff and lack sufficient knowledge and/or understanding of the remaining allegations as pleaded, to admit the allegations and thus must deny the remaining allegations.

12. In answering paragraph 22 of Plaintiffs' complaint, Defendants admit that plaintiff was informed he was under arrest for P.C. 148 (a) (1), obstructing a peace officer but Defendants lack sufficient knowledge and/or understanding of the remaining allegations as pleaded, to admit the allegations and thus must deny the remaining allegations.

13. In answering paragraph 23 of Plaintiffs' complaint, Defendants admit that Deputy Eric Hughes transported plaintiff to KMC but Defendants deny each and every remaining material allegation contained therein.

14. In answering paragraph 25 of Plaintiffs' complaint, Defendants admit that after plaintiff was medically cleared at Kern Medical Center, plaintiff was transported to the jail by Deputy Eric Huges, but Defendants lack sufficient knowledge and/or understanding of the remaining allegations as pleaded, to admit the allegations and thus must deny the remaining allegations.

15. In answering paragraph 29 of Plaintiffs' complaint, Defendants admit that plaintiff presented a Government Tort Claim on or about December 7, 2012, and

Defendants' Answer to First Amended Complaint

plaintiff was notified on or about June 11, 2013 that his Claim was rejected, but Defendants deny each and every remaining material allegation contained therein.

AFFIRMATIVE DEFENSES

16. AS A FIRST SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendants allege that the complaint, and each and every cause of action therein, fails to state a claim against these Defendants upon which relief can be granted.

17. AS A FURTHER SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendants allege that they are immune from liability for the causes of action alleged in the complaint, if any, pursuant to California Government Code sections 815, 815.2, 815.3, 818, 818.2, 818.4, 818.8, 820(b), 820.2, 820.4, 820.6, 820.8, 821, 822.2 and 823 of the Government Code and sections 834, 834a, 835, 835a and 836 of the Penal Code.

18. AS A FURTHER SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendants allege that the damages, if any, of which Plaintiffs complain were the proximate results of the negligence, carelessness and/or recklessness of Plaintiff, so as to bar or diminish recovery herein as against Defendants.

19. AS A FURTHER SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendants allege that Plaintiff with full knowledge of the dangers incident thereto, voluntarily exposed himself to all those matters and things alleged in the complaint and did thereby voluntarily and knowingly assume the risk naturally incident thereto.

20. AS A FURTHER SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendants allege that the damages, if any, of which Plaintiffs complains, were the proximate result of the intentional acts of Plaintiff, all so as to bar or diminish recovery herein as against these Defendants.

Defendants' Answer to First Amended Complaint

21.     AS A FURTHER SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendants allege that Plaintiffs' damages and injuries, if any, were the result of the negligence, carelessness, recklessness, and intentional acts and/or liability of parties other than these Defendants, including as a result of Plaintiff's own actions and or failures to act.

22.     AS A FURTHER SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendants allege, on information and belief, that Plaintiff by the exercise of reasonable efforts and/or care, could have mitigated the amount of damages alleged to have been suffered, and that Plaintiff has failed, neglected, and refused, and continue to fail, neglect and refuse, to exercise reasonable efforts and/or care to mitigate his alleged damages.

23.     AS A FURTHER SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendants allege that Deputy Hughes is immune from any civil liability in this matter under the doctrine of qualified immunity in that he had a good faith belief that each and every action employed and taken with regard to the acts complained of by Plaintiff herein, was justified, reasonable and lawful under the circumstances presented to the Defendant at the time of the incident at issue herein.

24.     AS A FURTHER SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendants allege the incident and/or the damages alleged to have been sustained by Plaintiff were the consequence of pre-existing medical, mental or physical conditions and liability is barred or County Defendants are entitled to a comparative off-set.

25.     AS A FURTHER SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendants allege that they and others are entitled to an offset, in the amount of all

Defendants' Answer to First Amended Complaint

collateral and governmental source benefits, in accordance with Government Code §985.

26. AS A FURTHER SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendants allege Plaintiff lacks standing to file suit as to the federal and/or state claims and/or damage claims.

27. AS A FURTHER SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendants allege that if, and to the extent that, the allegations of Plaintiff's complaint attempts to enlarge upon the facts and/or contentions set forth in the claims made by Plaintiff upon County, Plaintiff's Complaint fails to state a cause of action and violates provisions of the California Government Code, Division 3.6, Part 3, Chapter I (commencing with section 900) and Chapter II (commencing with section 910), and County reserves the right to move to strike any such allegations and to object to any evidence directed to the proof of any such allegations.

28. AS FOR A FURTHER SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, County Defendants allege that, under Monell v. New York Department of Social Services of the City of New York, 436 U.S. 658 (1978),County does not have any unconstitutional policy custom or practice which resulted in a violation of plaintiff's constitutional rights.

29. AS A FURTHER SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendants allege that at no time did they act, intentionally or otherwise, with malice, fraud or oppression, and that they are immune from punitive and/or exemplary damages in accordance with Government Code § 818 and Civil Code §3294, and that Defendants are further made immune, and jurisdiction is lacking over claims for

Defendants' Answer to First Amended Complaint

punitive or exemplary damages against Defendants pursuant to the Constitutions of the United States and the State of California.

WHEREFORE, Defendants pray judgment as follows:

1. That Plaintiffs take nothing by this action;

2. That Defendants be awarded their costs of suit incurred herein;

3. That Defendants be awarded reasonable attorneys' fees pursuant to Federal Rules of Civil Procedure, Rule 11, and 42 U.S.C. § 1988; and

4. That the Court order such other and further relief as it deems just and proper herein.

Dated: November 27, 2013 THERESA A. GOLDNER, COUNTY COUNSEL

By: /s/ Judith M. Denny .
    Judith M. Denny, Deputy
    Attorneys for Defendants County of Kern
    and Eric Hughes

#21B5265

Defendants' Answer to First Amended Complaint