SHAWN KHORRAMI, ESQ., SBN 180411
HERMEZ MORENO, ESQ., SBN 72009
Khorrami Boucher, LLP
444 S. Flower St. – 33rd Floor
Los Angeles, California 90071
Telephone: (213) 596-6000
Facsimile: (213) 596-6010
Email: hmoreno@kbadvocates.com

*Attorneys for Plaintiff, Brennan Colbert*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENNAN COLBERT,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF KERN, SHERIFF'S OFFICER ERIC HUGHES AND DOE DEFENDANTS 1 THROUGH 10, Inclusive,<br><br>Defendants. | Case No.: CV13-01589 AWI-JLT<br><br>*Hon. Jennifer L. Thurston*<br><br>**JOINT MID-DISCOVERY STATUS REPORT**<br><br>Status Conference:<br>Date: July 14, 2014<br>Time: 9:30 a.m.<br>Court: Suite 200<br><br>**Trial Date**: August 25, 2015 |

The parties, through their attorneys of record, hereby file this Joint Mid-Discovery Status Report, pursuant to the Court's January 16, 2014, Scheduling Order (Docket 16) and Local Rule 240:

1. <u>Service of Process on Parties</u>: All parties to this action have been appropriately and timely served.

2. <u>Jurisdiction and Venue:</u> Jurisdiction and Venue are undisputed, and are

1

proper in the Eastern District of California. The parties reside within the Court's jurisdictional boundary and the acts/omissions giving rise to Plaintiff's claims took place in Kern County, California, within the jurisdictional boundaries of this Court.

3. <u>Joinder of Additional Parties/Amendment of Pleadings</u>:
   a. **Plaintiff:** Plaintiff only anticipates amending the pleadings to name Does 1-3 when and if they are identified and the facts support said amendment.
   b. **Defendants:** Defendants do not anticipate amending the pleadings.

4. <u>Formulation of Issues and Any Frivolous Claims/Defenses</u>:
   a. **Plaintiff:**
      i. [Factual Issues]:
         1. The extent of force used (i.e. how/when/how hard did deputy kick door; when did he deploy his Taser device; how many times did he deploy his Taser device; what was said prior to, during, and after the Taser device was used).
         2. The policies and training procedures of Defendant County of Kern as they relate to use of Taser and forcible entry of a citizen's home.
         3. The nature and extent of the actions taken at the station wherein Plaintiff was denied accommodation for his disability.
         4. The policies and training procedures of Defendant County of Kern as they relate to the handling of persons with mental/social disabilities, such as Asperger's syndrome.
         5. The extent of Defendant's internal investigation into this incident and the result thereof; whether anyone was disciplined.
      ii. [Legal Issues]:

**KHORRAMI BOUCHER, LLP**
444 S. Flower Street, 33rd Floor
Los Angeles, CA 90071
Phone: (213) 596-6000
Fax: (213) 596-6010

KHORRAMI BOUCHER, LLP
444 S. Flower Street, 33rd Floor
Los Angeles, CA 90071
Phone: (213) 596-6000
Fax: (213) 596-6010

1. Whether Deputy Hughes had legal cause to forcibly enter Plaintiff's home without a warrant.
2. Whether Deputy Hughes used excessive force when broke through Plaintiff's front door of his home and proceeded to taze Plaintiff several times.
3. Whether either or both of these actions were caused by a policy, practice or custom of Fourth Amendment violations allowed, promulgated or ratified by Defendant County of Kern; that is to say that such policies and/or customs were the moving force behind Deputy Hughes' behavior.
4. Whether the actions taken by Doe Defendants at the station after Plaintiff's arrest constitute unreasonable force and/or intentional infliction of emotional distress, given said deputies' specific knowledge that Plaintiff suffered from a psychological and social disability.

b. **Defendants:** Defendants disputes all factual and legal contentions of Plaintiff. Plaintiff's factual and legal issues as framed have no evidentiary support or merit.

5. Deviation from Standard Filing/Service Requirements: None requested.
6. Pending and Anticipated Motions:

a. **Plaintiff:** Plaintiff has no pending motions on the Court's Docket. Plaintiff anticipates meeting and conferring on several deficiencies in Defendants' initial disclosures and responses to requests for document production, including seeking the production of Defendant Hughes' personnel file(s), complaints and internal documents relating to and filed against Defendant Hughes, and will file appropriate motions relating thereto if necessary. Plaintiff will move to amend under FRCP Rules 15 and 16 when and if it becomes appropriate to name Does 1-3. Other than

3

KHORRAMI BOUCHER, LLP
444 S. Flower Street, 33rd Floor
Los Angeles, CA 90071
Phone: (213) 596-6000
Fax: (213) 596-6010

1 those mentioned herein, and Pretrial Motions such as Motions in Limine, Plaintiff does not anticipate filing any further motions.

    b. **Defendants:** Defendants anticipate the need to move for a protective order in response to Plaintiff's discovery motion.

7. Results of Initial Discovery & Outstanding or Anticipated Discovery:

    a. **Plaintiff:**

        i. [Initial Discovery]: The parties have made initial disclosures. Defendants have responded to Plaintiff's first set of Requests for Production. Their responses were, for the most part, appropriate. Plaintiffs will seek to meet and confer with Defendants on the deficiencies in their responses/production as indicated above.

        ii. [Anticipated Discovery]: Plaintiffs are contemplating serving Requests for Admissions. Plaintiffs are also contemplating serving deposition notices for Defendant Hughes, his Sergeant and/or Watch Commander on duty on the date of incident, Deputies at the Station involved in Plaintiff's booking, and any expert witnesses Defendant may disclose. Plaintiffs also anticipate Defendants' noticing Plaintiff's deposition, the depositions of his parents, and any experts Plaintiff may designate. Plaintiff reserves the right to engage in any further discovery allowed under the Federal and Local Rules not listed in this report.

    b. **Defendants:** Defendants anticipate serving deposition notices for Plaintiff, his parents, medical treaters, if any, and expert witnesses designated by Plaintiff.

8. Avoidance of Unnecessary Evidence & Limitations or Restrictions on Expert Testimony: N/A at this stage of the discovery proceedings.

9. Status of Admissions &/or Stipulations: None at this stage of the discovery proceedings. Plaintiff is contemplating serving Requests for Admissions.

Plaintiff believes that certain facts and/or stipulations are achievable under the circumstances in order to limit the need for proof of same at trial.

10. <u>Setting Dates for Further Proceedings:</u> All pertinent discovery and pretrial dates have been set by the Court.

11. <u>Modification of Pretrial Procedures:</u> None requested.

12. <u>Appropriateness of Separation into Multiple Trials by Issues/Claims:</u>
    a. **Plaintiff:** Plaintiff will oppose any motion to bifurcate trial by issues. Plaintiff anticipates that any facts supporting *Monell* liability against the County will be so intertwined with the facts supporting individual liability as to the Defendant Deputy/Deputies, such that bifurcation would be unduly confusing, misleading, and amount to a waste of judicial resources, running contrary to the policies of judicial economy and trial on the merits.
    b. **Defendants:** Defendants maintain and reserve the right to file a motion to bifurcate the *Monell* liability issue against County and any issue of punitive damages against Defendant Hughes.

13. <u>Appropriateness of Reference to Special Judge or Judicial Panel:</u> The case is appropriately assigned, and the parties have consented to the jurisdiction of the Magistrate Judge on any and all further issues and proceedings.

14. <u>Settlement:</u>
    a. **Plaintiff:** To-date, the parties have not discussed settlement. Plaintiff is willing to engage in meaningful and reasonable settlement discussions directly with opposing counsel, or through the use of a private mediator.
    b. **Defendants:** Defendants are willing to consider settlement after completion of discovery.

15. <u>Appropriateness of ADR, VDRP, or Other:</u>
    a. **Plaintiff:** Plaintiff requests private mediation, and believes the facts and issues in this case are amenable to settlement, and that the use of a

private mediator is appropriate.

b. **Defendants:** None requested.

16. Miscellaneous Matters: None.

Dated: July 7, 2014          KHORRAMI BOUCHER, LLP


By: /s/ Hermez Moreno
    HERMEZ MORENO, Esq.
    *Attorneys for Plaintiff, Brennan Colbert*


Dated: July 7, 2014          THERESA A. GOLDNER,
                             COUNTY COUNSEL


By: /s/ Judith Denny
    JUDITH M. DENNY, Deputy
    *Attorneys for Defendants,*
    *County of Kern and Eric Hughes*

**KHORRAMI BOUCHER, LLP**
444 S. Flower Street, 33rd Floor
Los Angeles, CA 90071
Phone: (213) 596-6000
Fax: (213) 596-6010