UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENNAN COBERT,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF KERN, et al.<br><br>　　　　　Defendants. | Case No.: 1:13-cv-01589 - JLT<br><br>ORDER TO PLAINTIFF TO SHOW CAUSE WHY THE MATTER SHOULD NOT BE DISMISSED |

　　　　On March 6, 2015, Shawn Khorrami filed a "Designation of Counsel for Service" on behalf of Plaintiff. (Doc. 21.) On March 10, 2015, the Court issued an order noting that the document appeared to be intended as a substitution of attorney. (Doc. 22.) Notably, the designation asserted that prior counsel were "no longer counsel of record in this action." Id. at 2. Because a designation of counsel is not the appropriate method to substitute counsel, the Court ordered Plaintiff to "file a Substitution of Attorney (containing the appropriate signatures) and Proposed Order within fourteen (14) days." (*Id.*) Plaintiff failed to comply.

　　　　On May 13, 2015, the Court issued to attorneys, Hermez Moreno, Brian Bush, and Shawn Khorrami, an order to show cause why sanctions should not be imposed for failure to comply with the Court's orders but noted that the filing of a substitution of attorneys in lieu would satisfy the Court. (Doc. 23) No attorney responded.

　　　　The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a

1

party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may impose sanctions based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See*, *e.g*., *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (imposing sanctions for failure to comply with an order); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (imposing sanctions for failure to comply with a court order); *Henderson v. Duncan,* 779 F.2d 1421, 1424 (9th Cir. 1986) (imposing sanctions for failure to prosecute and to comply with local rules).

Therefore, given what appears to abandonment of this case by all counsel but not necessarily by Plaintiff, the Court **ORDERS** Plaintiff to show cause in writing within 14 days why the matter should not be dismissed as abandoned.

**Plaintiff is strongly admonished that his failure to respond to this order within 14 days will result in an order dismissing this case.**

IT IS SO ORDERED.

Dated:   **May 28, 2015**                              **/s/ Jennifer L. Thurston**
                                                                    UNITED STATES MAGISTRATE JUDGE