UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENNAN COBERT,<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTY OF KERN, et al.<br><br>    Defendants. | Case No.: 1:13-cv-01589 - JLT<br><br>ORDER DISCHARGING ORDERS TO SHOW CAUSE<br>(Doc. 23, 24)<br><br>ORDER TERMINATING SHAWN KHORRAMI AS COUNSEL OF RECORD; ATTORNEYS MORENO AND BUSH REMAIN AS COUNSEL OF RECORD<br>(Docs. 26, 27) |

    This matter was filed on October 3, 2013 by attorney Hermez Moreno, of Khorrami Boucher Sumner & Sanguinetti, LLP on behalf of Plaintiff.  (Doc. 1)  Mr. Moreno actively participated in this case by filing matters on the docket and by allowing his name to remain on the caption in the documents filed on the docket through December 15, 2014.  *See* Docs. 1, 7, 10, 12, 17.  Mr. Moreno was served all documents filed on the docket by the Court.  *Id*.  During this time, Shawn Khorrami's name appeared on the pleadings, but only as a name partner on the firm's caption.  *Id.*  Thus, he was not identified as an attorney of record and was not served any documents by the Court until he filed a document in the case on March 6, 2015.  (Doc. 21)

    Brian Bush's name began appearing on the docket on December 12, 2014, after he filed a document which indicated he represted the plaintiff.  *See* Doc. 19.  Thus, the Court began serving Mr. Bush, in addition to Mr. Moreno, with all documents filed on the docket after this time.

On March 6, 2015, Shawn Khorrami filed a "Designation of Counsel for Service" on behalf of Plaintiff.  (Doc. 21)  Because no further explanation was provided and it appeared to the Court that Mr. Khorrami intended this document to act as a substitution of attorneys (given he had not been identified as an attorney of record before then), the Court ordered Plaintiff to "file a Substitution of Attorney (containing the appropriate signatures) and Proposed Order" within 14 days."  (Doc. 22)

On May 13, 2015, the Court issued to attorneys, Hermez Moreno, Brian Bush, and Shawn Khorrami, an order to show cause why sanctions should not be imposed related to the filing of the "designation" but noted that the filing of a substitution of attorneys in lieu of a written response would be sufficient. (Doc. 23)  This order was served on Mr. Khorrami, Mr. Moreno, Mr. Bush. *Id*.  No attorney responded.

Because it appeared to the Court that all counsel had abandoned the matter but it was uncertain whether Plaintiff had done so as well, on May 28, 2015, the Court ordered Plaintiff to show cause why the matter should not be dismissed as abandoned.  (Doc. 24)  This order was served on Mr. Khorrami, Mr. Moreno and Mr. Bush. *Id*.  Now Plaintiff responds through attorney, Brian Bush[1], and explains that he did not intend to abandon this litigation.  Therefore, the Court **ORDERS**:

1. The orders to show cause (Docs. 23, 24) are **DISCHARGED**;
2. The Clerk of the Court is DIRECTED to TERMINATE Shawn Khorrami as an attorney of record. (Docs. 26, 27)  Hermez Moreno and Brian Bush REMAIN as counsel of record;

///
///
///

---

[1] Counsel, including Mr. Bush, Mr. Khorrami and Mr. Moreno, file declarations explaining, in short, that Mr. Bush and Mr. Moreno will represent Plaintiff in this action and Mr. Khorrami will not.  While they offer extensive and somewhat convoluted explanations as to their employment situations, none explains why, when the Court explicitly named each of them in its order and explicitly ordered each of them to show cause why sanctions should not be imposed (Doc. 23 at 2), each ignored the order.

Likewise, none of the attorneys seem clear that when he makes an appearance for a party and identifies himself as representing that party, he will remain as an attorney of record until he files a susbstitution of attorneys or files a notification with the Court indicating he no longer represents the client.  Filing a document "designating" a different attorney is not effective.

Finally, the suggestion that neither Mr. Moreno nor Mr. Bush represented Plaintiff in the past is contrary to their actions in the case.  Both filed documents signed on his behalf which represented they were "Attorneys for Plaintiff, Brennan Colbert." *See* Doc. 1 and Doc. 19 at 4, for example.

3. The Court DECLINES to consider the request in Mr. Bush's declaration seeking to modify the scheduling order.  Plaintiff must file a properly noticed motion or stipulation of counsel, before the Court may consider such a request.

IT IS SO ORDERED.

Dated: **June 11, 2015**             **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE