UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENNAN COLBERT,<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTY OF KERN, et al,<br><br>    Defendants. | Case No.: 1:13-cv-01589- JLT<br><br>ORDER DISREGARDING DEFENDANTS' AMENDED MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO MEET AND CONFER AND DROPPING IT FROM CALENDAR<br>(Doc. 37) |

Before the Court is the amended motion for summary judgment. (Doc. 37) The amended motion was filed—with leave of the Court—after the Court granted Plaintiff's request to conduct additional discovery. (Doc. 36)

Notably, the original motion and the amended motion both read, "The parties have met and conferred, to the extent possible and any additional effort to confer would be fruitless. Good cause for filing this motion exists due to there is no agreement on the issues." (Doc. 30 at 2; Doc. 37 at 2) This certification was required by the Court as set forth in the scheduling order. (Doc. 16) The scheduling order reads,

> Prior to filing a motion for summary judgment or motion for summary adjudication the parties are **ORDERED** to meet, in person or by telephone, and confer to discuss the issues to be raised in the motion.
>
> The purpose of the meeting shall be to: 1) avoid filing motions for summary judgment where a question of fact exists; 2) determine whether the respondent agrees the motion has merit in whole or in part; 3) discuss whether issues can be resolved without the

necessity of briefing; 4) narrow the issues for review by the court; 5) explore the possibility of settlement before the parties incur the expense of briefing a summary judgment motion; 6) to arrive at a joint statement of undisputed facts.

The moving party shall initiate the meeting and provide a draft of the joint statement of undisputed facts. **In addition to the requirements of Local Rule 260, the moving party shall file a <u>joint statement</u> of undisputed facts**.

*In the notice of motion the moving party shall certify that the parties have met and conferred as ordered above, or set forth a statement of good cause for the failure to meet and confer.*

Id. at 4, emphasis in the original, italics added.  Nevertheless, in the opposition to the amended motion, counsel sought sanctions for the filing of the motion without first meeting and conferring. (Doc. 41 at 28-29)  The opposition reads, "Defendants did not meet and confer prior to filing the instant motion. (Declaration of Hermez Moreno, ¶ 12). Nor did they file a joint statement of undisputed facts, or even attempt by way of declaration or otherwise, to explain their reasons for failing to do so. (*Id.*) As such, Defendants have violated the Court's Order."  (Doc. 41 at 29)  Mr. Moreno's declaration clarifies, "On August 28, 2015 . . .  I received an electronic copy of Defendants' present motion. At no time did Ms. Denny request a meet and confer; at no time did we meet and confer; at no time did she request a filing of a joint statement of undisputed facts." (Doc. 41-1 at 2)  The declaration continues,

> I did not receive one phone call, email, letter or facsimile from counsel for Defendants, Judith Denny, or a representative from her office seeking to initiate such a process. As such, both motions were filed in surprise fashion without warning, and the parties were unable to narrow the issues to present to the Court, or arrive at a joint statement of undisputed facts. It is my professional opinion that such conduct, while perhaps explainable or excusable one time, warrants sanctions when engaged in habitually. And I would respectfully ask the court to issue such sanctions as it deems necessary and appropriate.

Id.  In reply, Defendants' attorney, Ms. Denny explains,

> At the time of the original filing, there were a multitude of factors causing minimal meet and confer. Although I did advise counsel that I intended to file a motion for summary judgment, I acknowledge there was little more in the way of meet and confer. At that time, there was substantial contention between myself and plaintiffs counsel over the other matters before the court at that time and it was apparent there would be no agreement on facts or that any portion of the Complaint lacked merit such that Defendant would not be required to file an motion for summary judgment. Additionally, due to the attorney's seeming abandonment of the case and failure to respond to this Court's orders and OSC, it appeared the case would result in dismissal. By the time plaintiff's attorneys picked up the case again, there was actually little time to prepare a dispositive motion.

(Doc. 42-1 at 2)  Thus, counsel seems to indicate two reasons why she failed to comply with the Court's orders.

First, counsel believed due to the contentious relationship between the attorneys, agreement on the issues could not be reached and, somehow, excusing compliance with the Court's order.  (Doc. 42-1 at 2)  Review of the separate statement belies this claim. Rather, the parties agreed to common ground on a number of points. (Doc. 41-3; DUMFs 1, 15, 24, 25, 26, 27, 28, 29, 30, 31; Doc. 44; PUMFs 35, 39, 39[1], 53)  Likewise, there are many facts that are undisputed, though one of the parties believes the fact is immaterial.  (Doc. 41-3; DUMFs 4, 13, 14, 22; Doc. 44; PUMFs 33, 41, 42, 45, 46, 47, 48, 49, 50)  Still other facts are "disputed" but mostly due to the wording of the fact.   (Doc. 41-3; DUMFs 2, 3, 5, 6, 8, 9, 10, 16, 21; Doc. 44; PUMFs 34, 40, 43, 51, 52)  Had there been an earnest conference, it is quite likely counsel could have resolved many of these issues.  The fact that the attorneys do not "get along," and do not wish to have contact with their opponent is insufficient explanation for failing to comply with a direct and explicit Court order.

Second, Defendants' counsel notes that the time was short for filing the original motion, once current counsel took over the litigation.  However, a full month passed after the Court straightened out the mix-up with Plaintiff's counsel and Defendants' filed their original motion for summary judgment.  Given this amount of time, the suggestion there was inadequate time to meet and confer is difficult to accept.  On the other hand, if there truly was insufficient time to comply with the Court's order, it is unclear why there was no effort to obtain more time from the Court or, even more perplexing, why counsel certified the attorneys *had* completed the meet and confer process, at least to some extent.  Likewise, given that the Court permitted the filing of an amended motion, the lack of sufficient time *could not possibly explain* why the failure to meet and confer was not rectified before the filing of the amended motion.

///

///

///

---

[1] Plaintiff numbered two facts as "39."

3

1 | Thus, the Court concludes there is no sufficient explanation for the failure to meet and confer
2 | and no explanation at all why the notice of motion implied that a meet and confer *had* occurred.  The
3 | Court cannot condone this complete disregard for its orders.  Therefore, the motion is
4 | **DISREGARDED** and **DROPPED** from calendar.

6 | IT IS SO ORDERED.

7 | Dated:   **September 25, 2015**                    /s/ Jennifer L. Thurston
8 |                                                            UNITED STATES MAGISTRATE JUDGE